UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUTHIE E. H.,

                    Plaintiff,

v.                                                    1:20-CV-1285
                                                      (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC         JUSTIN JONES, ESQ.
  Counsel for Plaintiff                     KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 15.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1976.  (T. 80.)  She completed four years of college.  (T. 183.)  Generally, Plaintiff's alleged disability consists HIV.  (T. 182.)  Her alleged disability onset date is April 13, 2017.  (T. 80.)  Her past relevant work consists of child monitor and collection clerk.  (T. 25, 188.)

### B.    Procedural History

On April 28, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 80.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On March 26, 2019, Plaintiff appeared before the ALJ, Paul Georger.  (T. 31-79.)  On July 3, 2019, 2019, ALJ Georger issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-30.)  On July 31, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-26.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 28, 2017.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of: HIV, major depressive disorder, generalized anxiety disorder, and cardiomegaly with sinus tachycardia.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments

located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 18.)  Fourth, the ALJ found

Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as

defined in 20 C.F.R. § 416.967(a); except, she can never climb ramps and stairs, never

climb ladders, ropes or scaffolds, never balance, occasionally stoop, never kneel,

crouch or crawl.  (T. 19.)[1]  The ALJ also found Plaintiff was limited to simple, routine,

repetitive tasks, simple work-related decisions and occasional interaction with

supervisors, co-workers, and the general public.  (T. 20.)  Fifth, the ALJ determined

Plaintiff unable to perform past relevant work; however, there were jobs that existed in

significant numbers in the national economy Plaintiff could perform.  (T. 25-26.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the

pleadings.  Plaintiff argues the ALJ failed to fully develop the record.  (Dkt. No. 12 at 13-

20.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No.

14.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ's

decision was supported by substantial evidence.  (Dkt. No. 13 at 5-17.)

---

[1]      Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a).

III.     **RELEVANT LEGAL STANDARD**

   A.     **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff argues the ALJ failed to satisfy his affirmative duty to develop the record because the ALJ failed to obtain treatment records from DENT Neurological Institute

5

("DENT").  (Dkt. No. 12 at 13.)  Plaintiff argues failure to obtain treatment records left a gap in the record relating to the effects of Plaintiff's HIV on her memory.  (*Id*.)

As an initial matter, Plaintiff applied for benefits after March 27, 2017, and therefore the ALJ applied a new set of regulations for evaluating medical evidence that differs substantially from prior regulations. On January 18, 2017, the agency published revisions to its regulations regarding the evaluation of medical evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)).

Under 20 C.F.R. § 416.912 "Responsibility for evidence," the regulations outline Plaintiff's responsibly and the Social Security Administration's responsibility relating to evidence in a plaintiff's claim.  *See* 20 C.F.R. §§ 416.912(a) ("Your responsibility"), 416.912(b) ("Our responsibility").  Plaintiff "must inform [the Administration] about or submit all evidence known to [her] that relates to whether or not [she is] blind or disabled." *Id*. § 416.912(a).  Plaintiff's duty "is ongoing" and requires Plaintiff "to disclose any additional related evidence about which [she] become[s] aware."  *Id*. Plaintiff's duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision.  *Id*.

The Administration is responsible for development of the record.  20 C.F.R. § 416.912(b)(1).  The ALJ will develop a complete medical history "for at least the 12 months preceding the month in which [Plaintiff] file[s] [her] application."  *Id*. § 416.912(b)(1).  In addition, an ALJ will "make every reasonable effort to help [plaintiff] get medical reports from [her] own medical sources."  *Id*. The regulations define "every

reasonable effort" as making an initial request for evidence and if the evidence is not received making one follow-up request. *Id*. § 416.912(b)(1)(i).

The Second Circuit has held an "ALJ, unlike a judge in a trial, must on behalf of all claimants … affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-509 (2d Cir. 2009) (citations and alterations omitted).  "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or by a paralegal." *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir.1999) (internal alterations and quotation marks omitted); *see Eusepi v. Colvin*, 595 F. App'x 7, 9 (2d Cir. 2014) ("The ALJ's general duty to develop the administrative record applies even where the plaintiff is represented by counsel, but the agency is required affirmatively to seek out additional evidence only where there are 'obvious gaps' in the administrative record."); *see Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012).

However, Plaintiff also bears a responsibility for evidence.  Plaintiff ultimately bears the burden of proving she is disabled, the ALJ's duty to develop the record is not absolute.  *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 509 (2d Cir. 2009).  "While the ALJ does have a concurrent duty to assist in developing the record, that does not relieve Plaintiff of her duty to provide evidence in support of her claim." *Waldvogel v. Comm'r of Soc. Sec.*, No. 6:16-CV-0868, 2017 WL 3995590, at *8 (N.D.N.Y. Sept. 11, 2017).  Plaintiff's failure to provide additional evidence "does not show that the ALJ was required to seek out that evidence himself." *Waldvogel*, 2017 WL 3995590, at *8.  It is well settled that "a representative has an affirmative duty to provide competent

7

assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit."   SSR 17-4p, 2017 WL 4736894 at *4.  Further, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."  *Bowen*, 482 U.S. at 146 n.5.

Lastly, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefit claim."  *Rosa*, 168 F.3d at 79 n.5; *see also Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. Sept. 8, 2005) (no failure to develop the record where claimant's counsel volunteered to obtain the records, the ALJ kept the record open to allow supplementation of the record, counsel stated that there was nothing further to add, and claimant did not request the ALJ's assistance in securing additional evidence).

Here, the record indicates the Administration developed a complete medical history for at least the 12 months preceding the month in in which Plaintiff filed her application.  (T. 82-83, 200, 201, 203); 20 C.F.R. § 416.912(b)(1)(i).  Prior to her hearing, Plaintiff's counsel informed the ALJ evidence from Erie County Department of Social Services and DENT was still outstanding.  (T. 237.)[2]  During Plaintiff's March 26th, 2019 hearing her counsel informed the ALJ records from Erie County were submitted; however, she was still waiting for records from DENT.  (T. 36.)  The ALJ stated he would hold the record open for two weeks.  (*Id*.)

---

[2]        Plaintiff's February 28, 2019 letter indicates she requested records from DENT on February 22, 2019 for dates of service from January 1, 2018 to "present."  (T. 237.)

At the hearing Plaintiff testified she saw a psychiatrist at DENT on one occasion. (T. 52.)  She testified he prescribed medication which she ceased due to side effects. (T. 49, 52.)  She also testified she had an MRI at DENT due to "lesions" on her brain that caused her to "forget things."  (T. 53.)  At the conclusion of the hearing, the ALJ again noted he would hold the record open for two weeks for production of DENT records, otherwise he would issue a decision.  (T. 78.)  On April 9, 2019, Plaintiff's counsel requested an addition two weeks to obtain records from DENT.  (T. 239.)  No additional records were submitted to the ALJ and he issued a decision on July 3, 2019. (T. 12.)  Therefore, approximately three months passed between the hearing and decision date.

The written record supports Plaintiff's testimony that she received limited treatment at DENT.  On March 5, 2018, Plaintiff complained to her primary care provider of difficulty concentrating.  (T. 864.)  Plaintiff's provider referred her to DENT for "a full neurological work up."  (T. 868.)  Primary care notations dated May 23, 2018, indicate Plaintiff underwent an MRI on April 24, 2018 and met with a provider at DENT on May 22, 2018.  (T. 838.)  Notations indicated she was seen by a neurologist at DENT and had an MRI "which was reported to be showing encephalopathic allergies secondary to HIV[,] she is being scheduled for neuropsych evaluation to assess how this is affecting her cognitive abilities."  (T. 838.)  An August 2018 treatment notation indicated Plaintiff had an appointment with DENT scheduled for September 12, 2018.  (T. 829.)  The written record contains no further treatment records from her treating provider after August 2018; therefore, it is unknown if Plaintiff attended the scheduled September 2018 appointment.

On November 2, 2018, Hongbioa Liu, M.D. performed a physical assessment for determination of employability for Erie County.  (T. 914.)  Dr. Liu noted Plaintiff's report of brain lesions secondary to HIV based on an MRI report last performed by DENT in the "summer of 2018."  (T. 910.)  Plaintiff reported to Dr. Liu she was currently following with a "neurologist and HIV specialist."  (*Id*.)  Therefore, the record shows Plaintiff received treatment at DENT in April and May of 2018 (T. 838); however, as Plaintiff indicated at her hearing, she only saw a provider at DENT on one occasion (T.52).

Although records from DENT were never obtained, the ALJ fulfilled his duty to develop the record.  Plaintiff received some limited treatment at DENT, meeting with a provider only once and having an MRI, the MRI results were summarized elsewhere in the record, and Plaintiff's counsel attempted to obtain those records.  (T. 52, 67.)  The agency requested and received evidence "for at least the 12 months preceding the month in which [Plaintiff] file[s] [her] application."  20 C.F.R. § 416.912(b); (T. 82-83.).  At Plaintiff's hearing the ALJ indicated he would hold the record open to allow Plaintiff's counsel additional time to obtain records from DENT.  (T. 36.)  Plaintiff's counsel again requested additional time to obtain records from DENT and did not seek assistance from the ALJ.  (T. 239.)  No additional evidence was submitted to the AC or this Court.  (T. 240-241; *see Curley v. Comm'r of Soc. Sec. Admin.*, 808 F. App'x 41, 44 (2d Cir. 2020) ("although [Plaintiff] asserts that these records are critical, [he] did not provide them to the district court and does not describe their contents"); *see also Ido v. Comm'r of Soc. Sec.*, No. 1:18-CV-1053, 2020 WL 85127, at *4 (W.D.N.Y. Jan. 7, 2020) ("If these records are as important as Plaintiff alleges, [she] should have submitted them during the administrative process; or at the very least, [she] should have alerted the ALJ

to their existence and requested that the agency assist him in attempting to obtain them.").

In addition, although Plaintiff asserts records from DENT are necessary to fill the gap in the record relating to the effect of HIV and memory, the record contained sufficient evidence regarding Plaintiff's memory for the ALJ to make a mental RFC determination.  As an initial matter, although the record did not contain the original MRI report from DENT, the record did contain a summary of the findings.  (T. 838); *see Blackman v. Berryhill*, No. 1:16-CV-00869, 2018 WL 3372963, at *4 (W.D.N.Y. July 11, 2018) (ALJ did not fail in his duty to develop the record where treatment summaries provided a comprehensive overview of plaintiff's mental health progress over the course of his treatment).

Here, the ALJ limited Plaintiff to simple, routine, repetitive tasks, with simple work-related decisions.  (T. 20.)  In making his RFC determination the ALJ considered the record as a whole.  *See Snyder v. Saul*, 840 F. App'x 641, 643 (2d Cir. 2021) ("The ALJ was entitled to weigh all of the evidence and make an RFC finding that corresponds with the record as a whole.").  First, the ALJ considered the opinion of consultative examiner, Gregory Fabiano, Ph.D.  (T. 23.)  Dr. Fabiano opined Plaintiff had moderate limitations in her ability to perform complex tasks independently.  (T. 919.)  Dr. Fabiano also indicated Plaintiff was capable of performing work for up to 40 hours a week.  (T. 920.)  The ALJ found Dr. Fabiano's opined limitations "unpersuasive."  (T. 24.)  The ALJ concluded the moderate limitation in complex tasks did not reflect the severity of Plaintiff's mental health condition.  (*Id*.)  Indeed, the ALJ's mental RFC is more limiting than Dr. Fabiano's opinion based on additional evidence in the record.  *See Riederer v.*

*Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505–06 (W.D.N.Y. 2020) (ALJ did not err in formulating an RFC that was more restrictive than provided in a medical opinion).

Second, the ALJ considered objective mental status examination that showed intact memory.  (T. 22-23, 827, 834, 836, 842, 854-855, 918.)  Lastly, Plaintiff's activities of daily living support the RFC.  Plaintiff reported she lived alone, took public transportation, cared for a dog, cooked and cleaned, and went to Evergreen daily.  (T. 21, 55, 58, 68.)  Therefore, there was sufficient evidence in the record for the ALJ to make an RFC determination regarding limitations due to memory issues and substantial evidence supported the ALJ's determination Plaintiff retained the RFC for simple, routine, repetitive tasks.

In sum, the ALJ did not fail to develop the record.  The Administration requested and received evidence pursuant to its responsibility under the regulations.  Plaintiff notified the ALJ of outstanding records and the ALJ held the record open for approximately three months during which time Plaintiff did not submit additional records, request additional time, or request assistance in obtaining records.  Plaintiff did not submit additional records to the AC or this Court.  Lastly, the record contained sufficient evidence for the ALJ to make a mental RFC determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:          March 8, 2022

William B. Mitchell Carter
U.S. Magistrate Judge